Filed 4/18/25  P. v. Serrano CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063804 |
| v. | (Super. Ct. No. 16CF2210) |
| JOSHUA SERRANO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Joshua Serrano appeals a postjudgment order denying his petition for resentencing under Penal Code section 1172.75.[1] Under that section, resentencing is generally required when the defendant is serving a sentence for a judgment that includes a prior prison term enhancement under section former 667.5, subdivision (b) (section 667.5(b)). Although Serrano's judgment includes such enhancements, the trial court determined he was ineligible for resentencing because their punishment was stricken at the time of sentencing. Serrano contends that ruling was erroneous, and we agree. Following the Sixth District's recent opinion in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, and pending review of that issue by the California Supreme Court, we reverse the court's order and remand for resentencing.

FACTS

In 2018, Serrano pleaded guilty to second degree robbery and other offenses and admitted to serving two prior prison terms for purposes of former section 667.5(b). The trial court struck the punishment for the prison priors and sentenced Serrano to a total of 18 years in prison.[2]

Effective January 1, 2020, the Legislature limited the applicability of section 667.5(b) to prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) It later afforded retroactive relief to those serving a sentence that includes a now-invalid

---

[1] All further statutory references are to the Penal Code.

[2] Although Serrano's abstract of judgment does not list the two enhancements under section 667.5(b), the trial court stated at sentencing that they were stricken "for sentencing purposes." It is undisputed that these enhancements are part of Serrano's judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [oral judgment controls].)

prison prior enhancement. (Stats. 2022, ch. 58, § 12.) After the California Department of Corrections and Rehabilitation identified Serrano as a person serving a term for a judgment that includes a now-invalid enhancement, he petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75. But because Serrano's punishment on his prison prior was stricken, the court determined he was ineligible for relief and denied his petition.

## DISCUSSION

Serrano contends the trial court erred in denying his resentencing petition. We agree.

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess*, at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed before 2020 for a crime other than a sexually violent offense is legally invalid. (§ 1172.75, subd. (a).) It also provides an ameliorative remedy when the defendant's judgment includes such an enhancement. Indeed, the statute *requires* the trial court to recall the sentence and resentence the defendant in that situation. (§ 1172.75,

3

subd. (c).) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The question we must decide is whether section 1172.75 requires resentencing when a defendant has sustained a prior prison term enhancement under former section 667.5(b) but the trial court struck its punishment at the time of sentencing. Pending direction from the California Supreme Court, we follow the reasoning of the majority opinion in *Espino, supra,* 104 Cal.App.5th 188, review granted, and conclude that it does.[3]

Reviewing the meaning of section 1172.75 de novo, *Espino, supra,* 104 Cal.App.5th 188, review granted, determined the statute "should be interpreted according to the ordinary meaning of the word 'impose' and therefore [should apply] whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Espino*, at p. 194.) While recognizing that a defendant suffers no immediate adverse consequences when the punishment for his prison priors has been stricken, *Espino* found it significant that the enhancement remains on the judgment in that situation and "may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Espino, supra,* 104

---

[3] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now-invalid prison prior enhancement had been stricken, the California Supreme Court has granted review to resolve a conflict among the courts of appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See, e.g., *People v. Rhodius*, review granted Feb. 21, 2024, S283169.)

Cal.App.5th at p. 201.) *Espino* held that this potential for future adverse consequences is sufficient to trigger the protections afforded in section 1172.75. (*Espino*, at p. 201.)

This case presents the same circumstance referenced by the *Espino* court. Because Serrano's prior prison term enhancements were imposed and only their punishment was stricken, the enhancements are still included in the judgment. For the reasons explained in *Espino*, we conclude Serrano is therefore entitled to resentencing.[4]

## DISPOSITION

The postjudgment order denying Serrano's petition is reversed and the matter is remanded for the trial court to recall his sentence and resentence him pursuant to the terms of section 1172.75.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.

---

[4] Although we agree with the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.